IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FRANCISCO CHOMYO GARCIA, II, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF
VICTORIA AVA LYNN GARCIA, DECEASED AND
ANY AND ALL WRONGFUL DEATH BENEFICIARIES
OF VICTORIA AVA LYNN GARCIA, DECEASED                          PLAINTIFFS

VS.                                                CAUSE NO. 2:12CV167-KS-MTP

HOUSTON WOOD PRODUCTS, INC.,
AND JOHN DOE DEFENDANTS 1-10                                    DEFENDANTS

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion for Partial Summary Judgment [106] and the Defendant Houston Wood Products, Inc.'s ("Houston") Rule 56(d) Motion [138].  Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the Motion for Partial Summary Judgment [106] should be granted, and that the Rule 56(d) Motion [138] should be denied as moot.

## Relevant Background

This is a wrongful death action brought on behalf of the estate and wrongful death beneficiaries of Victoria Ava Lynn Garcia, deceased.  Francisco Chomyo Garcia, II, along with his fiancee Courtney Jackson, purchased a set of bunk beds for his two children at Premier Home Furnishings ("Premier").  On February 6, 2012, Garcia put his daughter, Victoria Ava Lynn Garcia, and his other child to bed.  The next morning, Victoria was found dead, hanging by her head and neck from the top bunk bed.

On August 15, 2012, Plaintiffs filed suit against Premier, Terry Hood d/b/a American Heritage of Alabama ("Hood"), and Houston in the Circuit Court of Forrest County, Mississippi.  (*See* Compl. [45-1].)  The Complaint alleged, *inter alia*, that

Premier was negligent in the sale, marketing, and assembly of the bunk beds, while Hood and Houston were negligent in the design, manufacturing, equipping, sale, and marketing of the beds.  On September 21, 2012, Houston and Premier removed the proceeding to this Court on the basis of diversity of citizenship subject matter jurisdiction under Title 28 U.S.C. § 1332.  (*See* Notice of Removal [1].)  Houston and Premier asserted that the Mississippi citizenship of Premier should be disregarded since it had been improperly joined for purposes of defeating the Court's jurisdiction.  Plaintiffs subsequently filed their Motion to Remand [19], arguing that Premier was a proper party and complete diversity of citizenship was thus lacking.  On August 6, 2013, the Court dismissed Premier from the action without prejudice and denied the Plaintiffs' remand request on the ground that Plaintiffs had no reasonable basis for recovery against Premier since it was an "innocent seller" of the product alleged to have caused injury in this case under section 11-1-63(h) of the Mississippi Code.  (*See* Mem. Op. & Order [48].)  On September 9, 2013, Plaintiffs filed their Motion to Reconsider [53] the Court's ruling, which was denied on November 12, 2013.  (*See* Mem. Op. & Order [60].)  Plaintiffs later filed their First Amended Complaint [89], only specifically naming Houston as a defendant and alleging numerous causes of action against Houston in connection with its manufacture of the subject bunk beds.

     On March 12, 2014, Plaintiffs filed their Motion for Partial Summary Judgment [106].  Plaintiffs seek an order holding that Houston "is the manufacturer of the bunk bed at issue in this case."  (Pls.' Mot. for Part. SJ [106] at p. 6.)  On April 25, 2014, Houston filed its Rule 56(d) Motion [138].  Houston posits that if the Court finds there are no issues of fact precluding the entry of partial summary judgment in the Plaintiffs'

favor, it should nonetheless stay any ruling on the Plaintiffs' motion until discovery is completed pursuant to Federal Rule of Civil Procedure 56(d).

## Discussion

Plaintiffs' Motion for Partial Summary Judgment [106] is based on the doctrine of judicial estoppel. Judicial estoppel is an equitable doctrine that "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) (citations omitted). There are two requirements for an application of the doctrine in the Fifth Circuit. "First, the estopped party's position must be 'clearly inconsistent with its previous one,' and second, 'that party must have convinced the court to accept that previous position.'" *Gabarick v. Laurin Mar. (Am.) Inc.*, No. 13-30739, 2014 WL 2118621, at *2 (5th Cir. May 21, 2014) (quoting *Hall*, 327 F.3d at 396).[1] Plaintiffs argue that Houston is judicially estopped from disputing its manufacture of the bunk beds because: (i) Houston initially took the position in discovery and in opposing remand that it designed and manufactured the beds, but denied manufacturing the beds after the Court ruled on the remand issue; and (ii) the Court accepted Houston's initial position in denying the Motion to Remand [19] and Motion to Reconsider [53].

The Court need not apply the requirements of judicial estoppel to the facts of this proceeding nor address many of the parties' arguments regarding the same because

---

[1] A third requirement, "the non-disclosure must not have been inadvertent", only applies in the context of a plaintiff's initiation of a lawsuit that was not disclosed as a claim or asset in a prior bankruptcy action. *Id.* at *6 n.3 (citation and internal quotation marks omitted).

Houston has confessed the Plaintiffs' motion.  This confession is not readily apparent on the face of Houston's briefing in opposition to the motion, which includes a memorandum brief and surreply.  (*See* Doc. Nos. [119], [129].)  These filings are somewhat equivocal as to whether Houston manufactured the specific bunk beds at issue in this case.  For example, Houston's memorandum brief states:

> [W]hile HWP [Houston] designed and manufactured a model 6801 bunk bed, and while, upon information and belief Mr. Garcia purchased a model 6801 bunk bed, HWP maintains that the bed that was viewed and inspected has been altered such that HWP cannot and will not admit that it manufactured the subject bed as it exists in its altered state.

(Doc. No. [119] at p. 4.)  Houston's surreply posits that "if Plaintiffs only seek to establish that HWP manufactured Model 6801 horse bunk beds, then HWP confesses this point."  (Doc. No. [129] at p. 2.)  Plaintiffs' Reply Brief [122] does not clarify if they are only seeking to establish that Houston manufactured the bunk beds or if they also seek a judicial determination as to the issue of whether the bunk beds were modified or altered between the time they left Houston's manufacturing facility and came into Mr. Garcia's possession.  Plaintiffs' Reply Brief also raises issues regarding Houston's alleged failure to comply with federal labeling requirements in separate incidents and the re-branding of Houston's beds, which the Court finds irrelevant to the question of whether Houston has taken inconsistent positions in this litigation.

      The parties finally reached a meeting of the minds in briefing on Houston's Rule 56(d) Motion [138].  Houston's memorandum brief in support of that motion states in pertinent part that "if all Plaintiffs are seeking is to establish that the bed at issue is a bed that was originally manufactured by HWP, then HWP does not oppose such position."  (Doc. No. [139] at p. 2 n.1.)  Houston also states, "[a]s for the subject bunk

bed, it is undisputed that it was originally manufactured by HWP." (Doc. No. [139] at p. 6.)  Plaintiffs' opposition to the Rule 56(d) motion references these statements in asserting that Houston has confessed their request for partial summary judgment.  As a result, the Court finds that it is established by stipulation or admission that Houston manufactured the bunk beds at issue in this litigation.  Houston will be estopped from taking a different position in further proceedings before this Court.  This ruling does not prejudice Houston's ability to argue the bunk beds were modified or altered after they left its manufacturing facility.  As clarified in the briefing on the Rule 56(d) motion, the Plaintiffs do not seek to establish this fact via their motion for partial summary judgment.  Furthermore, it does not appear that Houston has previously taken the position that the bunk beds came into Mr. Garcia's possession in substantially the same condition as they were in when originally manufactured.  In fact, Houston's response to the Plaintiffs' remand motion suggested that the beds may have been altered or modified by Hood after they were manufactured, but before they were sold by Premier.  (Houston's Resp. to Mot. to Remand [45] at p. 6 n.9.)

Houston's Rule 56(d) Motion [138] will be denied as moot.  Discovery is unnecessary to determine the stipulated fact that Houston manufactured the subject bunk beds.

## **Conclusion**

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiffs' Motion for Partial Summary Judgment [106] is granted.  It is established that Defendant Houston Wood Products, Inc. manufactured the bunk beds at issue in this case.  This ruling is

made without prejudice to Houston Wood Products, Inc.'s ability to argue or show that the bunk beds were modified or altered after they left its manufacturing facility.

  IT IS FURTHER ORDERED AND ADJUDGED that Houston Wood Products, Inc.'s Rule 56(d) Motion [138] is denied as moot.

  SO ORDERED AND ADJUDGED this the 17th day of June, 2014.

        *s/Keith Starrett*
        UNITED STATES DISTRICT JUDGE